HATTIESBURG COMPRESS COMPANY *v.* ALBERT S. JOHNSON.

DAMAGES. *Loss of property. Value at time of loss.*

In the absence of malice, fraud, oppression or wilful wrong, a cotton compress company is liable to the owner of cotton lost by it for the value of the property at the time of the loss, with interest; and the value thereof at the time suit is begun is not the measure of recovery.

FROM the circuit court of, second district, Perry county.

HON. JOHN R. ENOCHS, Judge.

Johnson, appellee, was plaintiff, and the compress company, appellant, defendant, in the court below. From a judgment in plaintiff's favor, awarding him the value of the property sued

for at the time the suit was begun, defendant appealed to the supreme court. The facts are fully stated in the opinion of the court.

*N. C. Hill* and *S. E. Travis*, for appellant.

The court below wrongfully directed the jury to find for the plaintiff not only for twenty-six bales of cotton, but also to find its value at the time of the demand in 1900, when cotton was worth 9½ cents per pound. All the proof shows that if the cotton was converted at all by the compress, it was in 1897 –98, and not in 1900. Appellee had, in the summer of 1898, according to his own statement, demanded the cotton of Phillips, president of the compress, and had "practically loaned to the press twenty-six bales of cotton" as he, Johnson, put it in his testimony.

Surely if the press is liable at all, it is for the value of the cotton in 1898, when Johnson "loaned it to the press," and not in 1900, when cotton had almost doubled in price. The value of the cotton in 1898, would make appellee whole.

*Shannon & Street* and *Hartfield & McLaurin*, for appellee.

There was abundance of testimony before the jury showing the value of the cotton during the entire time from the reception of the cotton until the suit was begun, and the finding of the jury as to its value is entitled to as much weight as any other finding. The jury also passed upon all the circumstances of the case, and the whole matter was determined in appellee's favor, and the verdict ought not to be disturbed.

Terral, J., delivered the opinion of the court.

The Hattiesburg Compress Company, a corporation, doing a compress and warehouse business at Hattiesburg, during the cotton season of 1897–'98 received of A. S. Johnson, a cotton broker at Meridian, Mississippi, a large quantity of cotton in bales all of which it delivered to Johnson during that season,

except twenty-six bales, which, by some misfortune, were lost. It was well known in the spring and summer of 1898 to Johnson and to the compress company that twenty-six bales of said cotton were missing, and conferences were then had between Johnson and the president of the compress company in relation to their loss, and the company requested Johnson to wait upon it until it could trace up the cotton, and this delay was tacitly agreed to. About three years thereafter Johnson brought this suit, and demanded as damages the price of the cotton at that time, which was about twice the price of cotton at the time of the loss in 1898. We think, upon the evidence, Johnson was entitled to recover ; but that he should recover the value of the cotton at the time of the loss, to-wit, in the spring or summer of 1898, with 6 per cent. interest thereon, etc. In trover the value of the property at the time of the conversion is ordinarily the measure of the damages. 2 Greenl. on Ev., sec. 276. We think the ordinary rule should be applied here. If Johnson recovers his twenty-six bales of cotton at its value in 1898, when its loss by the compress company became certainly known, and when, according to the evidence, the price of cotton was not more than $4\frac{3}{4}$ cents per pound, with 6 per cent. interest thereon to the date of the judgment, he will have secured all to which he is justly entitled. This general rule of damages is departed from in cases of malice, fraud, oppression, or wilful wrong, but it covers the full measure of justice in cases like the one before us.

*For the error in giving excess damages, the judgment is reversed, and the case remanded.*